UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK N.A., | ) Case No. 1:22-cv-01821 |
| Plaintiff, | ) ) Judge J. Philip Calabrese |
| v. | ) ) Magistrate Judge |
| VIRGIL H. COLLINS, *et al.*, | ) Jennifer Dowdell Armstrong ) |
| Defendants. | ) ) ) |

## **REMAND ORDER**

*Pro se* Defendant Virgil H. Collins removed this foreclosure action from State Court and moves for joinder of parties under Rule 19(a)(2). (ECF No. 1; ECF No. 2.)

The Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005); *see also Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017). Therefore, the Court *sua sponte* analyzes whether it has jurisdiction to hear this case.

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As the party seeking to invoke federal jurisdiction, Defendant bears the burden of establishing that the Court properly has original jurisdiction over the case brought in State court. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Therefore, Defendant must demonstrate that Plaintiff could have filed this foreclosure action in federal court in the first instance, not just in the State court.

A federal court has original diversity jurisdiction over cases in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332. But diversity of citizenship cannot be the basis of jurisdiction to support removal because of the forum-defendant rule. That is, Defendant appears to be a citizen of Ohio, and a case cannot be removed from State court if any defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b)(2).

Moreover, federal question jurisdiction cannot provide the basis for removal in this case. Under 28 U.S.C. § 1331, federal question jurisdiction exists "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although Defendant seeks to assert a federal defense in his notice of removal (that he is entitled to relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure), defenses are "inadequate to confer federal jurisdiction" for removal from State court. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). The plaintiff's pleading—not the defendant's response—establishes jurisdiction. Defendant seeks relief from judgment of the State court because his counsel allegedly committed "fraud upon the court." (ECF No. 1, PageID #5.) But a defense in a State proceeding is not a basis for removal.

Simply put, Defendant has failed to establish that the complaint involves a any proper basis for the exercise original jurisdiction. Therefore, the Court

**REMANDS** this action to the Cuyahoga County Court of Common Pleas. Because the Court does not have jurisdiction over this action, it **DENIES AS MOOT** Defendant's motion for joinder of parties. (ECF No. 2.)

**SO ORDERED.**

Dated: October 17, 2022

       J. Philip Calabrese
       United States District Judge
       Northern District of Ohio